IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Freddie Cheatham, | ) | C/A No. 0:19-2772-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| Dr. Rozanna Tross, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Freddie Cheatham, proceeding *pro se*, brings this civil rights action. The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.	Factual and Procedural Background**

Plaintiff indicates he is detained in the South Carolina Department of Mental Health's ("the Department") Sexually Violent Predator ("SVP") Program pursuant to an order of civil commitment. (Compl., ECF No. 1 at 6.) Plaintiff filed this action on a standard complaint form for *pro se* prisoners claiming violations of their civil rights. Plaintiff indicates that he brings this action pursuant to 42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments. (Id. at 4.) Plaintiff also indicates that he raises claims of "malpractice," slander, and "false detainment." (Id.) The only defendant listed by Plaintiff is Dr. Rozanna Tross of the Department, whom Plaintiff names only in her official capacity. (Id. at 1-2.) Plaintiff indicates in other parts of the Complaint that he seeks to directly sue the Department. (Id. at 6, 10.)

Plaintiff indicates he was convicted in a criminal trial of assault and battery of a high and aggravated nature, and because that crime is not sexual in nature, the Department lacked jurisdiction to civilly commit Plaintiff under the SVP Program under South Carolina Code § 44-48-20. (Id. at 6-7.) Plaintiff seeks damages against the Department for this violation of his rights and to be released from the Program. (Id. at 7, 10.)

Additionally, Plaintiff claims that since arriving in the SVP Program, he has diligently kept up with his treatment so that he can be released, but Dr. Rozanna Tross said otherwise in her latest "forensics annual treatment report." (Id. at 7.) Plaintiff claims that in her report, Tross states that Plaintiff fails to participate in group treatment, has sexual relations with men, and was previously committed to the SVP Program. (Id. at 8, 13.) Plaintiff claims that Tross's report has no basis in fact and is defamatory, and that she made those statements for the purpose of keeping Plaintiff in the Program. (Id. at 8-9.) Plaintiff seeks damages against the Department based on Tross's defamation. (Id. at 9.)

Plaintiff also raises a "breach of contract" claim against the Department's "Forensic Evaluation Program" because the private, for-profit companies that provide medical care to SVP Program detainees—Correct Care and Well-Path—are "blatantly" denying Plaintiff proper medical care. (Id. at 10.) Specifically, Plaintiff claims those companies have neglected him when he has requested medical care, over-dosed his insulin, and caused him to be hospitalized due to a blood sugar condition. (Id. at 10-11.) He claims the companies provide substandard medical care to save money for the State of South Carolina. (Id. at 10.) Plaintiff seeks damages for the lack of medical care. (Id. at 13.)

**II.     Discussion**

   **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs.,

---

[1] A detainee in the SVP Program is subject to civil, not criminal detention. Therefore, such a detainee is not a "prisoner" under the PLRA, 28 U.S.C. § 1915A(c). See Michau v. Charleston Cty., S.C., 434 F.3d 725, 729 (4th Cir. 2006).

901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

Initially, the court construes Plaintiff's Complaint to raise claims only against the Department. Plaintiff names Dr. Rozanna Tross as the only defendant in the pleading, but Plaintiff makes clear that he has named her only in her official capacity as an employee of the Department. See Kentucky v. Graham, 473 U.S. 159, 166-67 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' ") (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, n.22 (1978)). And in parts of the Complaint, Plaintiff makes clear that he seeks to hold only the Department liable for the actions of Tross and other officials in the Department. (Compl., ECF No. 1 at 6, 10.)

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff asserts the Department violated his rights under the Fifth and Fourteenth Amendments. In light of the court's duty to liberally construe *pro se* pleadings, see Erickson, 551 U.S. at 94, the court construes the Complaint to assert that the Department violated Plaintiff's right to due process by civilly committing him without jurisdiction to do so under South Carolina Code § 44-48-20, and by being deliberately indifferent to Plaintiff's serious medical needs.

To the extent Plaintiff seeks damages for either claim, the Department is immune from a §1983 suit as an agency of the State of South Carolina. The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[2] Therefore, Plaintiff's claim for damages against the Department pursuant to § 1983 is barred by the Eleventh Amendment. See § 1915(e)(2)(B)(iii).

To the extent Plaintiff seeks injunctive relief in the form of release from the Program, such relief is not available in a § 1983 action. Plaintiff seeks immediate release from the state's order of civil commitment. Therefore, he meets the "in custody" requirement of the federal habeas corpus statute for state detainees, 28 U.S.C. § 2254. See Duncan v. Walker, 533 U.S. 167, 176 (2001) (stating that detainees under an involuntary civil commitment by a state court may challenge the order through federal habeas corpus because they meet the "in custody" requirement of 28 U.S.C. § 2254); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (providing that it is "well established that detainees under an involuntary civil commitment scheme" such as a sexually violent predator program may use § 2254 to challenge their term of confinement). And, because he can challenge his confinement pursuant to 28 U.S.C. § 2254, he

---

[2] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

cannot do so by seeking injunctive relief in a § 1983 action. "[A section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Because Plaintiff may not seek release from custody in an action filed pursuant to § 1983, he fails to state a claim upon which injunctive relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Even if the court were to construe this action as seeking habeas corpus relief pursuant to § 2254, Plaintiff's case would still be subject to summary dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) because Plaintiff fails to plead any facts that would plausibly show that his commitment violates federal law. See 28 U.S.C. § 2254 ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Plaintiff argues that the offense for which he was convicted is not a "sexually violent offense" as defined by South Carolina Code § 44-48-30, and therefore, the state court lacked jurisdiction to order his civil commitment. But such an error does not implicate federal law. See Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) (providing a federal habeas court may not evaluate petitioner's claim that the state trial court lacked subject matter jurisdiction because such a determination is a matter of state law, and not the Constitution or law or treaties of the United States); see also Pulley v.

Harris, 465 U.S. 37, 41(1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). Thus, even assuming the validity of Plaintiff's argument, Plaintiff fails to plausibly allege that the civil commitment order violates a federal law.

Additionally, to the extent Plaintiff seeks to raise a state law defamation claim against Tross individually or against the Department, such a claim could be filed only under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 et seq. ("The Act"). The Act provides that, "[t]his chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity. An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)." S.C. Code Ann. § 15-78-70(a). The Act further provides that, even if the employee is named in the action brought under the Act, the agency or political subdivision for which the employee was acting must be substituted as the party defendant. S.C. Code Ann. § 15-78-70(c).

However, under the Act, the State expressly consents to suit only in a South Carolina state court and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e); see also Pennhurst State School, 465 U.S. at n.9 (1984) (recognizing that a state must expressly consent to suit in a federal district court). Therefore, because the waiver of immunity extends only to suit in state courts, Plaintiff cannot bring a claim pursuant to the Act in federal court. See, e.g., Gaskins v. South Carolina, C/A No. 8:15-4456-JMC-JDA, 2016 WL 8677201, at *3 (D.S.C. Jan. 8, 2016) (observing that a claim sought to be filed initially in federal court under the South Carolina Tort Claims Act "is not permitted in this federal court because of the Eleventh Amendment"), adopted by 2016 WL 3207855 (D.S.C. June 10, 2016); cf. Lapides v. Bd. of Regents, 535 U.S. 613, 622 (2002) (holding that a State that voluntarily invokes the jurisdiction of the federal court by removing a case waives immunity for claims in which *it has*

*consented to suit in its own courts*). Therefore, the State would be immune from suit on Plaintiff's defamation claim. See 28 U.S.C. § 1915(e)(2)(B)(iii).

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii) for failure to state a claim upon which relief can be granted, and because the defendant is immune. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[3] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 13, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[3] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).